UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

PAMELA SUE PRAYTOR, )
)
        PLAINTIFF, )
)
vs. ) CASE NO. 17-CV-118-FHM
)
NANCY A. BERRYHILL, Acting )
Commissioner of the Social Security )
Administration, )
)
        DEFENDANT. )

## OPINION AND ORDER

Plaintiff, Pamela Sue Praytor, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

---

[1] Plaintiff Pamela Sue Praytor's application was denied initially and upon reconsideration. A video hearing before an Administrative Law Judge (ALJ) Lantz McClain was held October 23, 2015. By decision dated December 21, 2015, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on January 30, 2017. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 50 years old on the alleged date of onset of disability and 51 on the date of the denial decision. Plaintiff has her associate's degree in nursing and past work experience includes medical case manager. Plaintiff claims to have become disabled as of November 1, 2014[2] due to back pain; inability to sit greater than 15 minutes; inability to stand greater than 5 minutes; arthritis; depression; and hypertension. [R. 175].

## The ALJ's Decision

The ALJ found that Plaintiff has severe impairments relating to degenerative disc disease, obesity, and history of right foot pain. Plaintiff's medically determinable impairment of hypertension is non-severe. There was a lack of objective evidence to substantiate the existence of a medically determinable impairment of depression. [R. 23-

---

[2] Plaintiff amended the date of onset from May 12, 2014 to November 1, 2014 which is subsequent to receipt of unemployment benefits. [R. 37].

24]. The ALJ determined that Plaintiff has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567(a). Plaintiff can occasionally lift/carry 10 pounds; frequently lift/carry 10 pounds; stand/walk at least 2 hours in an 8-hour workday, and sit at least 6 hours in an 8-hour workday. Plaintiff can only occasionally climb stairs, stoop, kneel, crouch, or crawl. [R. 25]. The ALJ determined that Plaintiff was able to perform her past relevant work as a medical case manager. Accordingly, the ALJ found Plaintiff was not disabled. The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ failed to: 1) properly consider the treating physician's opinion; and 2) properly consider Plaintiff's credibility.

## Analysis

### Opinion of Treating Physician

Plaintiff argues that the ALJ erred by failing to give sufficient reasons for not giving substantial weight to the opinion of Terry R. Horton, M.D. [Dkt. 15, p. 7]. A treating physician's opinion is accorded controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. 42 U.S.C. §§ 404.1527, 416.927. However, if the opinion is deficient in either of these respects, it is not given controlling weight. When an ALJ decides to disregard a medical report by a claimant's physician, he must set forth specific, legitimate reasons for his decision. An ALJ may reject a treating physician's

3

opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion. *McGoffin v. Barnhart*, 288 F.3d, 1248, 1252, (10th Cir. 2002). In determining what weight to give a medical opinion not given controlling weight, an ALJ must consider (1) the length of treatment and frequency of examination; (2) the nature and extent of the treatment relationship; (3) the degree the opinion is supported by medical evidence; (4) consistency between the opinion and the record; (5) whether the physician specializes in the area on which the opinion is given; and (6) any other factors to support or contradict the opinion. *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003).

Dr. Horton treated Plaintiff from 2012 through 2016. On May 23, 2014, Dr. Horton completed a *Medical Source Opinion of Residual Functional Capacity* opining that during an 8-hour work day Plaintiff could: sit/stand/walk less than 2 hours; and frequently lift/carry 10 pounds. Findings supporting Dr. Horton's assessment were severe degenerative disc disease of lumbar spine; pain, and restricted motion. Dr. Horton noted that obesity exacerbated Plaintiff's physical condition and that she is "unable to sit more than 15 minutes without having to get up/reposition; cannot stand more than 5 minutes without increase in pain in back." [R. 241]. On June 28, 2016, Dr. Horton completed another *Medical Source Opinion of Residual Functional Capacity* which contained the same functional limitations and obesity an exacerbating factor. As support for his assessment, Dr. Horton noted "severe degenerative disc disease all lumbar spine; pain major issue and restricted motion. Seeing pain doctor and on meds and having procedures." [R. 428].

The ALJ made the following findings:

The undersigned however finds that Dr. Horton's opinion is

4

> unreasonably restrictive given the whole of the evidence and appears to have been too heavily based upon the claimant's subjective complaints at the time the statement was generated. The fact that the claimant (sic) later records do not support these severe limitations is persuasive. Although the claimant continued to report pain and exhibited decreased range of motion and tenderness, on November 3, 2014, Jeffrey Halsell, D.O. found she had a normal gait, was able to walk on toes and heels, and displayed gross sensation to light touch in her lower extremities.

[R. 26-27].

The ALJ also noted that in December 2014, Plaintiff underwent a consultative examination by David Wiegman, M.D. Dr. Wiegman's examination revealed Plaintiff had normal leg strength and range of motion. Plaintiff's back had decreased extension of 15 degrees, pain with movement, and tenderness to palpation. There was no joint swelling, erythema, effusion, or deformities. Although Plaintiff was unable to walk on her toes and heels due to right foot pain, she was found to have a normal symmetric steady gait. [R. 27, 360]. X-rays taken on May 23, 2014 show Plaintiff had multilevel degenerative disc disease from L2 to L5, disc space narrowing with osteophyte formation, and end plate sclerosis, however, Plaintiff had mild pain with motion, and symptoms were relieved by medication. [R. 26].

State agency medical consultants found Plaintiff was capable of performing a reduced range of sedentary jobs. Because their opinions were consistent with the record as a whole, the ALJ gave them great weight. [R. 27-28, 57-65, 67-77]. Although the ALJ is not bound by the findings made by State agency medical or psychological consultants, the regulations instruct that these consultants are "highly qualified physicians and psychologists who are also experts in Social Security disability evaluation" whose findings

must be considered as opinion evidence.  20 C.F.R. § 404.1527(f)(2)(I); 20 C.F.R. § 416.927(f)(2)(I).

The court finds the evidence relied upon by the ALJ is evidence a reasonable mind could accept as adequate to support a conclusion, and the evidence relied upon by the ALJ is not overwhelmed by other record evidence.  The court finds that the ALJ considered appropriate factors in his rejection of Dr. Horton's opinion and that the record supports the ALJ's findings that the evidence was inconsistent with Dr. Horton's opinion about Plaintiff's limitations.

**Credibility Determination**

Plaintiff argues that the ALJ failed to perform a proper credibility determination by failing to consider all the evidence relevant to Plaintiff's allegations.  [Dkt. 15, p. 8-11]. Credibility determinations are peculiarly the province of the finder of fact, and the court will not upset such determinations when supported by substantial evidence.  However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.  The ALJ must "explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible."  *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir.1995).

Plaintiff contends that the ALJ substituted his own opinion for that of the treating physician because contrary to the ALJ's finding, no other treatment was recommended and she was referred to a pain specialist.  [Dkt. 15, p. 10, 381-391].  Plaintiff also argues that the ALJ failed to consider her work record which demonstrates consistent and significant earnings, and her activities of daily living are consistent with her allegations that she needs to reposition, take frequent breaks, and use a wheelchair during outings.  Further, contrary

6

to the ALJ's conclusion that obesity is Plaintiff's main problem, her allegations of severe pain are substantiated by her use of strong pain medication and consistent reporting that sitting, standing, and walking exacerbated her pain. [Dkt. 15, p. 10-11].

In determining that Plaintiff was not fully credible, the ALJ articulated his reasons for his credibility finding including that despite Plaintiff's continued complaints of pain and decreased range of motion and tenderness, Plaintiff had a normal gait; was able to walk on toes and heels; had normal leg strength and range of motion, and did not display any motor or sensory deficits. [R. 26, 259, 356-57, 360, 368-69, 371-72, 376-77, 382, 388-90]. Plaintiff also reported that her symptoms were relieved by medications. [R. 27-28]. The ALJ also noted that while Plaintiff alleged her right foot pain was worsening, she reported complete relief of pain after receiving a steroid injection. Further, Plaintiff did not voluntarily stop working due to her condition and represented to the agency that approves unemployment benefits that she was ready, willing, and able to work. [R. 26-27].

Plaintiff's allegations that the ALJ did not consider her allegation of disabling pain is not supported by the record. The ALJ specifically addressed Plaintiff's pain noting her symptoms were relieved by Cymbalta, Dicyclomine, and Lortab. Further, Plaintiff displayed no edema, cyanosis, clubbing, or motor or sensory deficits. [R. 26].

It is clear that the adjudicator is not free to substitute his own medical opinion for that of a disability claimant's treatment providers and other medical sources. *Hamlin v. Barnhart*, 365 F.3d 1208, 1221 (10th Cir. 2004). However, that is not what occurred. The ALJ considered Plaintiff's testimony and the record as a whole. The ALJ's credibility findings are closely and affirmatively linked to substantial evidence. Therefore, the court finds no

7

reason to deviate from the general rule to accord deference to the ALJ's credibility determination. Plaintiff offers various arguments against the factors cited by the ALJ in support of the credibility finding. The court views those arguments as an invitation to engage in impermissible reweighing of the evidence. As the Tenth Circuit has instructed, the court must decline that invitation. *See Rabon v. Astrue,* 464 Fed. Appx. 732, 735-36 (10th Cir. 2012)(citing *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005)).

## **CONCLUSION**

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 26th day of January, 2018.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE